ORDER
FORDHAM, JUDGE:
An application of the claimant, Kebede E. Derseh, for an award under the West Virginia Crime Victims Compensation Act, was filed December 6,2006. The report of the Claim Investigator, filed June 27, 2007, recommended that no award be granted, to which the claimant filed no response. An Order was issued on August 23, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed November 9,2007. This matter came on for hearing December 7, 2007, claimant appearing pro se and the State of West *339 Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
At approximately 8:30 p.m. on July 8, 2005, the 32-year-old claimant was the victim of criminally injurious conduct in Talcott, Summers County. The incident occurred while the claimant was delivering narcotic medication for his employer, Small Stuff Inc. The area was isolated, and the claimant had difficulty finding the residence where he was supposed to make the delivery. He stopped at a house but was uncertain as to whether he had found the correct address. At first, the claimant stayed in his vehicle and blew the horn, hoping that someone would come out of the house. When the claimant received no response, he decided to drive toward a trailer located behind the house. As soon as he stopped his vehicle in front of the trailer, a woman came out of the trailer and started yelling at him and hitting the company car. The claimant explained to the offender that he was delivering medicine and was at the wrong address. The offender continued to yell at him, and the claimant told her that he was going to call the police. Then, she pointed a shotgun at him.
The claimant immediately left the offender’s residence and drove approximately forty-five minutes to the police station. At the police station, the claimant was told that he needed to file a report with the State Police. Since it was late at night, the claimant decided not to stop at the Summers County Sheriffs Office. Instead, he called the Sheriff who informed him that he could send a written report of what happened by mail. Once the claimant completed the report, he gave it to his manager at work. The manager was a former police officer, and the claimant believed that he would be more knowledgeable about filing a report with the police. However, the Summers County Sheriffs Office and the W.Va. State Police indicated that they never received the report.
After the incident, Small Stuff Inc. no longer made deliveries to this customer. Claim Investigator Walter F. Martin made several attempts to contact the company regarding this matter. Since the claimant was an independent contractor and not an employee, the company does not have any records regarding this incident.
As a result, the claimant suffers from nightmares and has developed a nervous condition. He also feels uneasy around people. Although the claimant has sought medical assistance, he is unable to afford further treatment.
W.Va. Code § 14-2A-14(b) states: “The judge or commissioner may not approve an award of compensation if the criminally injurious conduct upon which the claim is based was not reported to a law-enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period.” In the present case, the Claim Investigator’s finding was that the claimant did not report the crime to the police within seventy-two hours after the crime occurred. Therefore, it is the claimant’s burden to prove by a preponderance of the evidence that “good cause existed for the failure to report the conduct within the seventy-two hour period.”
In light of the evidence put forth by the claimant, the Court is of the opinion that the claimant has met his burden of proof. The claimant, an Ethiopian native who relied on his manager for assistance, made every attempt to report the incident to the police. Based on the evidence at the hearing, he drove approximately forty-five minutes until he found a police station. Although it was too dark for the claimant to travel to the Summers County Sheriffs Office, he planned to file the police report by mail. Once he prepared the report, he acted reasonably in trusting his manager to file the report. Thus, the *340 claimant used his best efforts in attempting to report the incident to law enforcement. Although the Summers County Sheriffs Office and the W.Va. State Police never received the claimant’s report, the Court finds that good cause existed for his failure to report the conduct within the seventy-two-hour period pursuant to W.Va. Code § 14-2A-14(b).
The Court is constrained by the evidence to reverse its previous ruling. Pursuant to the Claim Investigator’s memorandum of March 4, 2008, an award in the sum of $1,047.39 is hereby granted for payment of the claimant’s unreimbursed medical and pharmaceutical expenses. Should the claimant later submit documentation of any additional unreimbursed allowable expenses relating to this incident, the claim may be reviewed again by the Court.